# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN L. SCOTT, | Case No. 2:17-cv-00702-JAD-BNW |
| Plaintiff, | |
| v. | **OMNIBUS ORDER** |
| JAMES COX, et al., | |
| Defendants. | |

Presently before the Court are defendants' motions to strike plaintiff Steven L. Scott's notice of subpoenas (ECF No. 28) and notice of depositions (ECF No. 29).[1] Also before the Court is Scott's motion for issuance of summons (ECF No. 30). The Court will grant defendants' motions because the Local Rules forbid Scott from filing discovery papers. The Court will also grant Scott's motion because, as a litigant proceeding in forma pauperis, he is entitled to the Court's aid in issuing and serving all process.

**I.      Background.**

This matter derives from a civil rights complaint that Stevens filed under 42 U.S.C. § 1983. (ECF No. 6.) Stevens subsequently filed an amended complaint on July 2, 2018, and it is the operative complaint in this matter. (ECF No. 11; ECF No. 13; ECF No. 14.) In his amended complaint, Scott asserts that defendants violated his rights under the First, Eighth, and Fourteenth amendments to the United States Constitution. (ECF No. 11.) The district judge screened Scott's

---

[1] The moving defendants are Gabriela Garcia, Benjamin Gutierrez, Gilliam Lamby, and Brian Williams. (ECF No. 28.) The remaining defendants have not made an appearance in this matter.

amended complaint and held that Scott could move forward, in forma pauperis, with all of his claims. (ECF No. 20.)

Scott filed a notice of subpoenas on July 11, 2019. (ECF No. 21.) On July 31, 2019, Scott filed a notice of deposition and purported to convey notice to fifteen individuals. (ECF No. 26.) Defendants moved to strike the subpoenas and deposition notices on August 14, 2019. (ECF No. 28; ECF No. 29.)[2] Scott opposed defendants' motion to strike the deposition notices on August 21, 2019 (ECF No. 31.) but he did not oppose the motion to strike the subpoenas.

On July 22, 2019, the Nevada Attorney General accepted service of process on behalf of the movants but declined to accept service on behalf of Romeo Aranas, George Leaks, Johnny Youngblood, and Sonya Carrillo (the "non-appearing defendants"). (ECF No. 23.) Instead, the Attorney General filed, under seal, the non-appearing defendants' last known addresses. (ECF No. 24.) On August 20, 2019, Scott moved the Court to issue summonses for the non-appearing defendants, and that motion remains unopposed. (ECF No. 30.)

**II.     Defendants' motions to strike (ECF Nos. 28 & 29).**

Defendants argue that Scott's notices are procedurally improper because the Court has not entered a scheduling order establishing a discovery schedule. (ECF Nos. 28 & 29 at 3.) Scott's arguments, in response, rely primarily on the advisory committee's notes to the 1970 amendments to Rule 30. (ECF No. 31 at 3.) Based on his analysis of those notes, Scott believes that he has thirty days "from the time the summons and complaint is served on any defendant to file a notice." (*Id.*)

The Court will grant defendants' motions. The Court may strike documents that do not comply with the Local Rules. LR IC 7-1. The Local Rules provides that unless the Court orders otherwise, discovery papers "must not be filed with the court." LR 26-8. The Local Rules also

---

[2] Defendants are instructed that "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." LR IC 2-2. Defendants' documents at ECF Nos. 28 and 29 are procedurally defective because they each contain more than one discrete request for relief. Defendants are therefore admonished that all future filings must comply with the Local Rules. *See* LR IC 7-1 ("The court may strike documents that do not comply with these rules.").

provide that actions brought by a person in the government's custody are "governed by the entry of an order establishing a briefing schedule and other appropriate matters." LR 16-1(c)(3).

Here, Scott's notices are procedurally improper. At ECF Nos. 21 and 26, Scott filed, respectively, his notice of subpoenas and notice of depositions. These notices are discovery papers. *Casun Inevst, A.G. v. Ponder*, 2:16-cv-2925-JCM-GWF, 2019 WL 2358390, at *4 (D. Nev. June 4, 2019) (citation omitted); FED. R. CIV. P. Title V (categorizing deposition notices under "Disclosures and Discovery"). Thus, ECF Nos. 21 and 26 violate LR 26-8 and they will therefore be struck from the record. Scott is admonished to read—and ensure that all future filings comply with—the Local Rules.[3]

Scott is instructed that he is not losing out on the opportunity to conduct depositions. Rather, Scott must wait to conduct discovery until the Court enters a scheduling order setting forth a discovery schedule. However, even once discovery opens, it remains a violation of the Local Rules to file discovery papers with the Court. Scott is instructed to consult Rule 45 and Rule 30 to learn the service requirements for subpoenas and deposition notices, respectively.

**III.     Scott's motion for issuance of summons (ECF No. 30).**

    **A.     Timeliness.**

The court construes Scott's motion as a motion to issue summonses for, and to effect service of process upon, the non-appearing defendants. As a threshold matter, the Court must address the timeliness of service upon the non-appearing defendants.

Rule 4 provides that service of process must be completed "within 90 days after the complaint is filed." FED. R. CIV. P. 4(m). The Court may extend the time for service "for an appropriate period" if plaintiff shows good cause for failure to serve defendants within the 90-day timeframe. *Id.* To that end, the Court must grant a pro se civil rights litigant "considerable leeway" when assessing whether there exists good cause for failure to comply with the time limits

---

[3] Defendants argue, alternatively, that the Court should deny Scott's request to take fifteen depositions because those are five more depositions than are allowed under Rule 30 without leave of the Court. (ECF No. 29 at 3.) Because the Court will grant defendants' motion to strike, it will not reach defendants' alternative argument. Further, Scott writes in his opposition that he now seeks to take only ten depositions, rather than fifteen. (ECF No. 31 at 4.)

in Rule 4(m), "especially when that litigant is incarcerated." *McGuckin v. Smith*, 974 F.2d 1050, 1058 (9th Cir. 1992) (emphases omitted), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). Further, the Court may sua sponte extend the time for service. *See, e.g.*, *Cleveland v. Los Angeles Cnty. Sheriffs Dep't*, No. 2:15-cv-01399-DSF-GJS, 2017 WL 1364227, at *8 (C.D. Cal. Feb. 7, 2017).

Here, the Court finds good cause to extend the time for service upon the non-appearing defendants. Scott filed his amended complaint on July 2, 2018. (ECF No. 11.) Scott moved to proceed in forma pauperis, which meant that his complaint was subject to sua sponte screening by the Court. 28 U.S.C. § 1915(e)(2)(B). Rule 4's 90-day deadline was tolled between the filing of the amended complaint and the district judge's order screening that complaint. *Mejia Banegas v. Doe #2*, No. 18-cv-02670-GPC-JKB, 2019 WL 1353712, at *2 (S.D. Cal. Mar. 26, 2019) (citing *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1204 n.8 (9th Cir. 2014)). Therefore, the 90-day period began to run on July 1, 2019. (ECF No. 20.)

The new 90-day period expired on September 29, 2019. However, Scott moved the Court to issue summonses and effect service of process on August 20, 2019, which was within the new 90-day period. The Court credits Scott the considerable leeway mandated by *McGuckin* and therefore finds that there is good cause to extend the time for service under Rule 4(m). The Court also finds that 90 days is an "appropriate period" for the extension. *Mejia Banegas*, 2019 WL 1353712, at *3.

### B. Service of process under 28 U.S.C. § 1915(d).

When a party proceeds in forma pauperis, the Court "shall issue and serve all process." 28 U.S.C. § 1915(d); *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990) ("a party proceeding in forma pauperis is entitled to have the summons and complaint served by the U.S. Marshal.").[4] Scott proceeds in forma pauperis (ECF No. 20) and he is, therefore, entitled to the Court's aid in issuing and serving all process. Accordingly, the Court will grant Scott's motion and order that

---

[4] Section 1915(d) dovetails with Rule 4, which provides that upon the request of a plaintiff authorized to proceed in forma pauperis, the Court "must" order "that service be made by a United States marshal or deputy or by a person specifically appointed by the court." FED. R. CIV. P. 4(c)(3).

United States Marshal attempt service on the non-appearing defendants at the last known addresses provided by the Attorney General under seal at ECF No. 24.

**IV.　CONCLUSION**

IT IS THEREFORE ORDERED that defendants' motion to strike ECF No. 21 from the record (ECF No. 28) is GRANTED.

IT IS FURTHER ORDERED that defendants' motion to strike ECF No. 26 from the record (ECF No. 29) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court strike ECF Nos. 21 & 26 from the record.

IT IS FURTHER ORDERED that the deadline for service under Rule 4(m) is reset: service must be complete within 90 days from the date that this order is entered.

IT IS FURTHER ORDERED that Scott's motion for issuance of summons (ECF No. 30) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court send Scott four blank copies of form USM-285.

IT IS FURTHER ORDERED that Scott shall have twenty days in which to furnish the United States Marshal with the required USM-285 forms without including the non-appearing defendants' addresses as the United States Marshal will fill in those addresses based on the information under seal at ECF No. 24.

IT IS FURTHER ORDERED that the Clerk of Court issue summonses, under seal, to Aranas, Leaks, Youngblood, and Carrillo, using the addresses that were filed under seal at ECF No. 24.

…

…

…

…

…

IT IS FURTHER ORDERED that the Clerk of Court serve a copy of this order, the sealed and issued summonses, and the amended complaint (ECF No. 11) on the United States Marshal.

IT IS FURTHER ORDERED that the United States Marshal shall, in accordance with Rule 4(c)(3), attempt service on Aranas, Leaks, Youngblood, and Carrillo at their last known addresses, filed under seal by the Attorney General at ECF No. 24.

DATED: January 14, 2020

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE