AARON D. FORD
  Attorney General
Katlyn M. Brady (Bar No. 14173)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 East Washington Ave., #3900
Las Vegas, Nevada 89101
Phone: (702) 486-0661
Fax: (702) 486-3773
katlynbrady@ag.nv.gov
*Attorneys for Defendants*
*Gabriela Garcia, Benjamin Gutierrez,*
*Gillian Lambey, and Brian Williams*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN L. SCOTT, | Case No. 2:17-cv-00702-JAD-BNW |
| Plaintiff, | **DEFENDANTS' UNOPPOSED MOTION TO EXTEND DISCOVERY (FIRST REQUEST)** |
| vs. | |
| DIRECTOR JAMES COX, *et al.*, | |
| Defendants. | |

Defendants, Gabriela Garcia, Benjamin Gutierrez, Gillian Lambey, and Brian Williams, by and through counsel, Aaron D. Ford, Attorney General for the State of Nevada, and Katlyn M. Brady, Deputy Attorney General, request this Court grant this unopposed motion to extend discovery.

### INTRODUCTION

This Court should grant this unopposed motion to extend discovery. On April 23, 2020, the parties engaged in a meet and confer to discuss several outstanding issues. The parties have resolved these issues, but require an extension of discovery to complete the outstanding issues.

# BACKGROUND

## A. Procedural History

Plaintiff is a pro se inmate currently incarcerated at Southern Desert Correctional Center (SDCC). On July 2, 2018, Plaintiff filed the First Amended Complaint. ECF No. 11. On July 1, 2019, this Court issued a screening order on the FAC. ECF No. 20.

This Court allowed the following claims to proceed: Count I alleging a First Amendment free exercise claim against former Chaplain Youngblood, Caseworker Garcia, Caseworker Lambey, and Warden Williams; Count II alleging First Amendment Establishment Clause violations against Chaplain Youngblood and Warden Williams; Count II alleging a Fourteenth Amendment Equal Protection Clause violation against Chaplain Youngblood, Caseworker Garcia, Caseworker Lambey, and Warden Williams; Count IV alleging an Eighth Amendment deliberate indifference to serious medical needs against Warden Williams, Dr. Aranas, Dr. Leaks, Nurse Clark-Carrillo, and Director of Nursing Gutierrez; and finally Count V alleging a First Amendment retaliation and conspiracy claim against Warden Williams, Dr. Aranas, Director Gutierrez, and Nurse Clark-Carrillo. ECF No. 20 at 15-16. The claims fall broadly into two categories: claims regarding the religious common-fare diet and claims involving tinted eyeglasses.

On August 29, 2019, Defendants filed a Motion to Dismiss the First Amended Complaint. ECF No. 32. Defendants further requested this Court assess a strike under the Prison Litigation Reform Act (PLRA) based on Plaintiff's filing of previously dismissed claims. *Id.* This Court ultimately assessed a strike under the PLRA because Plaintiff brought frivolous claims. ECF No. 45 at 1:15-16.

On February 21, 2020, this Court entered its order granting the motion in part and assessing a strike. ECF No. 45. This Court only allowed the post 2018 claims to continue and dismissed all claims that arose prior to 2018. *Id.* at 12:6-12. Accordingly, only Plaintiff's First, Eighth, and Fourteenth Amendment claims, based on post 2018 allegations, were permitted to proceed. *Id.* at 13-14.

### B. Plaintiff's Premature Motion to Extend Discovery

On April 8, 2020, Plaintiff filed a motion for an enlargement of the discovery period. ECF No. 64. Plaintiff requested an extension based upon the COVID pandemic and the outstanding discovery requests.

On April 22, 2020, Defendants filed an opposition to the motion to extend discovery, noting Plaintiff had failed to engage in a meet and confer. ECF No. 70. Defendants stated they were not opposed to an extension, but requested this Court deny the motion based upon Plaintiff's failure to engage in a meet and confer. *Id.* This motion remains pending.

### C. The Parties Complete a Meet and Confer

The parties engaged in a meet and confer one day after Defendants opposed the motion to extend. Declaration of counsel attached as Exhibit A. During the meet and confer, the parties discussed the discovery deadlines and agreed to extend the remaining deadlines 90 days. *Id.* at XXX. Plaintiff consented to counsel titling the motion to extend as an unopposed motion. *Id.* at XXX.

Defendants now respectfully request this Court extend the remaining discovery deadlines.

## LEGAL STANDARD

Motions to enlarge time are governed by FED R. CIV. PROC. 6(b) and Nevada Local Court Rule 26-3[1] and 26-6:

> (b) Extending Time.
>
> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) With or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) On motion made after the time has expired if the party failed to act because of excusable neglect.[2]

---

[1] On April 17, 2020, the Federal District Court of Nevada amended the Local Rules. This motion cites to the most recent version.
[2] FED R. CIV. PROC. 6(b)

and

LR 26-3. EXTENSION OF SCHEDULED DEADLINES
A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:

(a) A statement specifying the discovery completed;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d) A proposed schedule for completing all remaining discovery.[3]

LR 26-6. DISCOVERY MOTIONS

(a) Unless the court orders otherwise, all discovery disputes are referred to the magistrate judge assigned to the case.

(b) All motions to compel discovery or for a protective order must set forth in full the text of the discovery originally sought and any response to it.

(c) Discovery motions will not be considered unless the movant (1) has made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and confer conference about each disputed discovery request.

(d) In the event of an emergency discovery dispute, the movant may apply for relief by written motion or, when time does not permit, by a telephone call to the magistrate judge assigned to the case. The court may determine whether a discovery dispute is an emergency. Written

---

[3] Nevada Local Court Rules 26-4

> requests for judicial assistance to resolve an emergency discovery dispute must satisfy LR 7-4.[4]

# LEGAL ARGUMENT

### A. Local Rule 26-3 Requirements

**1. The discovery completed to date**

To date, Plaintiff has submitted requests for production of documents, but this discovery remains to be completed.

**2. Discovery that remains to be completed**

The following discovery remains outstanding: Plaintiff's request for production of documents. Further, Defendants intend to serve discovery regarding: Plaintiff's medical diagnosis, religious practices, and the alleged participation of each named Defendant.

**3. The reason the dispositive motion deadline cannot be completed**

The current discovery deadlines cannot be met due to the delays caused by the COVID pandemic and the parties' disagreements regarding the propounded discovery. Specifically, the COVID pandemic has resulted in a delay in mailing and forced counsel to transition to work from home. This has significantly impacted Defendants ability to defend this matter and participate in discovery.

**4. Proposed discovery schedule**

**Deadline to Complete Discovery:** August 24, 2020[5]

**Deadline for Discovery Motions**: September 7, 2020

**Deadline for Dispositive Motions**: September 21, 2020

**Deadline for Joint Pretrial Order**: October 21, 2020. If dispositive motions are filed, the joint pretrial order is due thirty (30) days after the entry of the Court's order on the motions.

---

[4] Nevada Local Court Rules 26-7

[5] 90 days from June 8, 2020 is Sunday, August 23, 2020. Accordingly, the deadline is set for Monday, August 24, 2020.

B.  **Good Cause Supports the Extension**

This Court should find good cause supports the extension. Specifically, the COVID pandemic has unexpectedly, and significantly, impacted the ability of the parties to exchange documents or mail. Despite this, the parties were able to engage in a meet and confer regarding several outstanding issues. However, the parties require additional time to complete these issues and engage in further discovery.

## CONCLUSION

Defendants respectfully request this Court grant the unopposed motion to extend discovery. The extension is necessary due to the COVID pandemic and the previous discovery disputes.

DATED this 29th day of April, 2020.

> Respectfully submitted,
>
> AARON D. FORD
> Attorney General
>
> By: /s/ Katlyn M. Brady
>     Katlyn M. Brady (Bar No. 14173)
>     Deputy Attorney General
>     *Attorneys for Defendants*

**IT IS ORDERED that ECF No. 71 is GRANTED.**

**IT IS FURTHER ORDERED that ECF No. 64 is DENIED as moot.**

**IT IS SO ORDERED**

**DATED: May 01, 2020**

_____
**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

# CERTIFICATE OF SERVICE

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on April 29, 2020, I electronically filed the foregoing, **DEFENDANTS' UNOPPOSED MOTION TO EXTEND DISCOVERY (FIRST REQUEST)** via this Court's electronic filing system. Parties that are registered with this Court's electronic filing system will be served electronically. For those parties not registered, service was made by depositing a copy for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada to the following:

Steven L. Scott #73087
Southern Desert Correctional Center
PO Box 208
Indian Springs, NV 89070
*Plaintiff, Pro Se*

/s/ Yolonda Laster
An employee of the Office of the
Nevada Attorney General