**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Steven L. Scott, | Case No. 2:17-cv-00702-JAD-BNW |
| Plaintiff, | |
| v. | **Order re [83] and [84]** |
| James Cox, et al., | |
| Defendants. | |

In this § 1983 civil rights case, Nevada's Office of the Attorney General—which represents defendants Williams, Lambey, Garcia, and Gutierrez—filed a motion for screening and unopposed motion to stay the case pending screening.  ECF Nos. 83 & 84.  For the reasons below the motions will be denied.

Plaintiff Steven L. Scott proceeds in forma pauperis.  ECF No. 20.  The district judge screened Scott's original complaint and, in her screening order, dismissed certain of Scott's claims, allowed others to proceed, and referred the case to the Court's Inmate Early Mediation Program.  ECF No. 5 at 15–16.  To facilitate settlement discussions, the Attorney General entered a "limited notice of appearance" on behalf of defendants.  ECF No. 7 at 1.  A settlement was not reached.  ECF No. 10.

Scott subsequently filed an amended complaint, which the district judge again screened.  ECF Nos. 11 & 20.  The district judge again found that Scott had stated at least some colorable claims.  ECF No. 20.  Critically, following the district judge's second screening order, the Attorney General accepted service on behalf of several defendants.  ECF No. 23.

Defendants filed a motion to dismiss Scott's complaint.  Upon that motion, the district judge dismissed certain claims barred under res judicata and allowed four other claims to proceed.

1    ECF No. 45 at 13–14.  Defendants filed an answer to Scott's surviving claims.  ECF No. 51.  And

2    the Court, in February 2020, issued a scheduling order opening discovery.  ECF No. 46.

3         Scott filed a motion to amend his complaint, which the defendants opposed.  ECF Nos. 53

4    & 57.  Seemingly in response to defendants' opposition, Scott filed a second motion to amend,

5    which defendants **did not** oppose.  *See* ECF No. 58.  The Court recommended to the district

6    judge that she deny as moot Scott's first motion to amend, ECF No. 81, and it granted Scott's

7    latter motion to amend under LR 7-2(d) ("The failure of an opposing party to file points and

8    authorities in response to any motion . . . constitutes a consent to the granting of the motion.").

9         Now, defendants ask this Court to screen Scott's complaint a **third** time because, they

10   allege, Scott's proposed second amended complaint ("SAC") contains barred claims, new

11   defendants, and new allegations.  ECF No. 83 at 5.  Further, defendants claim that forcing them to

12   move to dismiss claims that have already been barred would "waste resources."  *Id.*

13        "There is no question that the [Prison Litigation Reform Act ("PLRA")] requires courts to

14   engage in pre-answer screening of an inmate's complaint."  *Olausen v. Murguia*, Case No. 3:13-

15   cv-00388-MMD-VPC, 2014 WL 6065622, at *1.  In this case, the Court has twice done so.  ECF

16   Nos. 5 & 20.  But this compulsory judicial screening requirement does not extend to every

17   proposed amended complaint filed post-answer.  *Id.*  Defendants here have already appeared,

18   accepted service, filed an answer, **and more**.  Thus, the PLRA does not require the Court to

19   screen the SAC.

20        Further, the Court disagrees that a sua sponte screening of the SAC would preserve

21   resources, particularly given that Scott asserts new claims and has added new defendants.

22   Defendants argue that screening the SAC would mean "that Scott cannot proceed to discovery or

23   summary judgment on" the barred claims.  ECF No. 83 at 5–6.  However, screening is not the

24   only mechanism available to challenge the propriety or progress of those claims.  Defendants

25   could have opposed the second motion to amend by arguing that the amendments were futile.

26

Page 2 of 3

27

28

1    They chose not to.  Now, they hope the Court will do it for them, and the Court respectfully

2    declines.

3           **IT IS THEREFORE ORDERED** that defendants' motion for screening order (ECF No.

4    83) is DENIED.

5           **IT IS FURTHER ORDERED** that defendants' unopposed motion to stay pending a

6    ruling on the motion for screening (ECF No. 84) is DENIED as moot.

7           DATED: September 28, 2020.

8                                                        _____

9                                                        BRENDA WEKSLER
                                                         UNITED STATES MAGISTRATE JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
27

28