**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Steven C. Scott,<br><br>    Plaintiff<br><br>v.<br><br>James Cox, et al.,<br><br>    Defendants | Case No.: 2:17-cv-00702-JAD-BNW<br><br>**Order Denying Motion for Default Judgment but Granting Motion to Extend Time to Oppose Summary Judgment Motion**<br><br>[ECF Nos. 96, 99] |

In this prisoner civil-rights lawsuit, Plaintiff Steven C. Scott has filed a motion for default judgment against defendants Leaks and Youngblood.[1] He explains that these defendants have been served with process but have not answered, so he asks the court to enter default against them "and reward [him] damages . . . ."[2]

Plaintiff has skipped a required step. As the Ninth Circuit Court of Appeals explained in *Eitel v. McCool*, Rule 55 of the Federal Rules of Civil Procedure requires a "two-step process" consisting of FIRST asking the Clerk of Court to enter default against the non-answering defendant and then SECOND, after the Clerk has entered default, filing a motion asking the judge to enter default *judgment*.[3] Because no default against Leaks or Youngblood has been requested or entered, plaintiff's request for a default *judgment* is too early.

Even if plaintiff had first asked the Clerk to enter default, this motion for default judgment would be denied. Before the court can grant a request for default judgment, the court

---

[1] ECF No. 99.

[2] *Id*. at 2.

[3] **Error! Main Document Only.** *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55."); *accord Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and (b) provide a two-step process for obtaining a default judgment).

must evaluate several factors including: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."[4] Plaintiff has not addressed these factors at all, let alone demonstrated why they favor default judgment here. Plaintiff is cautioned that, if he is able to obtain the entry of default against these defendants and he wants to renew his request for a default judgment, he must provide a detailed analysis of the factors above.

Plaintiff also asks the court[5] for a 75-day extension of the deadline to file a response to defendants' motion for summary judgment.[6] He indicates in that motion that he had not received a copy of the summary-judgment motion, so he needs additional time to respond.[7] In their response to the extension request, the defendants attach proof that the summary-judgment motion was served on Scott.[8] Good cause appearing, I grant Scott's motion to extend the deadline.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Default Judgment **[ECF No. 99] is DENIED**.

---

[4] *Eitel*, 782 F.2d at 1471–72.
[5] ECF No. 96.
[6] ECF No. 90
[7] *Id*.
[8] ECF No. 98-1.

IT IS FURTHER ORDERED that Scott's Motion to Extend his Response Deadline **[ECF No. 96] is GRANTED.  Scott's deadline to respond to the pending motion for summary judgment [ECF No. 90] is EXTENDED to February 6, 2021.**[9]

_____
U.S. District Judge Jennifer A. Dorsey
Dated: December 28, 2020

---

[9] In their response, defendants ask that the 75-day extension run from the date that plaintiff filed the extension motion. *See* ECF No. 98 at 2.  Scott asked vaguely that he have 75 days from the date he receives the motion.  For the sake of certainty, the court agrees with the defendants' approach to the trigger date and adds the 75 days to the date that Scott's extension motion was filed.