# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Steven L. Scott,<br><br>    Plaintiff,<br><br>v.<br><br>James Cox, *et al.*,<br><br>    Defendants. | Case No. 2:17-cv-00702-JAD-BNW<br><br>**ORDER re ECF No. 137** |

  Plaintiff filed a Motion to Compel Discovery. ECF 137. Defendants opposed this motion. ECF No. 141. The Court held a hearing on January 14, 2022.

**I. The motion was timely filed.**

  Plaintiff's motion requests Fed. R. Civ. P. 26(a) disclosures as well as several Requests for Production ("RFP"s) from Defendants. Although Plaintiff's motion was filed on April 23, 2020, it was not docketed until January 3, 2022. This was an oversight by the Clerk's Office. At the time that Plaintiff intended to file it, the Scheduling Order provided that the close of discovery would be September 8, 2020. Thus, the request is timely.

**II. The Court has jurisdiction.**

  Defendants argue that all defendants to whom the RFPs refer have since been dismissed from the case per the District Court's Summary Judgment Order. ECF No. 123. Thus, they argue that this Court has no jurisdiction over those defendants.

  Defendants are correct in noting that much has happened since Plaintiff intended to file this motion to compel. The District Court entered an order granting in part and denying in part Defendants' motion to dismiss. ECF No. 45. It also entered an order on Defendants' motion for summary judgment dismissing certain defendants from the case. ECF No. 123. Nevertheless, the Court needs to evaluate the motion as if it had been properly docketed, which would have been

after the order on the motion to dismiss but before the order on summary judgment. In addition, not *all* defendants who were named in the First and Second Amended Complaint have been dismissed. The defendants who have been dismissed from the case are Defendants Clark-Carrillo, Garcia, Gutierrez, Lambey, and Williams. ECF No. 124.[1]

### III. Requests that remain at issue

Plaintiff propounded eight requests for production. During the hearing, however, Plaintiff indicated he was only standing by requests numbers 4 and 8 and waiving the rest. Defendants' response to the requests was that they were not addressed toward a specific defendant and that they are not in possession, custody, or control of the requested discovery.[2]

Discovery is broad. *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 528 (D. Nev. 1997). Parties may obtain discovery on any nonprivileged matter (a) relevant to any party's claim or defense and (b) proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Relevance under Rule 26(b)(1) is also broad. *See, e.g., Burke v. Basil*, No. 820CV00635JVSJDEX, 2021 WL 3265022, at *1 (C.D. Cal. May 28, 2021). The Federal Rules of Civil Procedure were amended in 2015 to clarify that the scope of permissible discovery "is no longer information that is 'reasonably calculated to lead to the discovery of admissible evidence.'" *Mfg. Automation Software Sys., Inc. v. Hughes*, No. CV 16-8962-CAS (KSX), 2017 WL 5641120, at *3 (C.D. Cal. Sept. 21, 2017) (citation omitted). Instead, "[t]he test going forward is whether" the sought discovery "is relevant to any party's claim or defense." *In re Bard IVC Filters Prod. Liab. Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016). The trial court has "broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citation omitted).

To determine whether discovery is proportional, the court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and

---

[1] The Court has evaluated whether these requests, if granted, would have had an impact on the order on summary judgment.

[2] At the hearing, it became clear that Defendants may be in possession, custody, and control of the requests in question.

whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. *Id*.

When a party fails to provide requested discovery, the requesting party may move for an order compelling discovery. Fed. R. Civ. P. 37(a)(1). "When the discovery sought appears relevant on its face, the party resisting discovery bears the burden of establishing the lack of relevance . . .." *Krause v. Nevada Mut. Ins. Co.,* No. 2:12-CV-00342-JCM, 2014 WL 496936, at *3 (D. Nev. Feb. 6, 2014), *aff'd*, No. 2:12-CV-342 JCM CWH, 2014 WL 3592655 (D. Nev. July 21, 2014) (internal quotation marks and citation omitted). Conversely, if the relevance of the discovery sought is not apparent, then the party seeking discovery bears the burden of establishing the relevance of the request. *Id*. Once the relevance hurdle is cleared, the party seeking to avoid discovery bears the burden of explaining why discovery should be denied. *Id.* (citation omitted).

The court has broad discretion to permit or deny discovery, and its decision will not be disturbed "except upon the clearest showing" that the denial "results in actual and substantial prejudice to the complaining litigant." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (internal quotation marks and citations omitted). In 1998, the Supreme Court wrote that "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford–El v. Britton*, 523 U.S. 574, 598 (1998). The Supreme Court recognized that under Fed. R. Civ. P. 26(b)(2), the trial court may, on its own motion, limit the frequency or extent of use of discovery methods if it determines the burden or expense of proposed discovery outweighs its likely benefits. *Id*. at 598–99. Fed. R. Civ. P. 26(c) gives the trial court authority on motion, or on its own initiative, to limit the time, place, and manner of discovery, or bar discovery altogether on certain subjects, as required "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*. at 599.

### A.   RFP No. 4

As made clear during the hearing, Defendants can procure these documents. The Court will grant the request only as it concerns Plaintiff's medical records from January 2014 until discharged. The granting of this request should not impact the District Court's order on

Defendants' motion for summary judgment as the court had previously dismissed the Eighth Amendment claims that preceded 2018 on *res judicata* grounds (and not on the basis of any evidentiary deficiency). ECF No. 45 at 13.

### B. RFP No. 8

As made clear during the hearing, Defendants have the ability to procure these documents. The Court will grant the request only as it concerns the common fare applications of those belonging to the Jewish and Muslim faiths from January 2014 to December 2018 at the Southern Desert Correctional Center. The granting of this request should not impact the District Court's order on Defendants' motion for summary judgment as the court had previously dismissed the Eighth Amendment claims that preceded 2018 on *res judicata* grounds (and not based on any evidentiary deficiency). ECF No. 45 at 13.

### IV. Sanctions

Sanctions against Defendants under Fed. R. Civ. P. 37(a)(5)(B) would not be proper as their responses were substantially justified.

### V. Conclusion

**IT IS ORDERED** that Plaintiff's motion to compel at ECF No. 137 is GRANTED in part and DENIED in part consistent with this Order.

**IT IS FURTHER ORDERED** that Defendants must provide discovery responsive to RFP Nos. 4 and 8 within 30 days from the date of this Order.

DATED: January 16, 2022.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE