UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Steven L. Scott, | Case No.: 2:17-cv-00702-JAD-BNW |
| Plaintiff | |
| v. | **Order Overruling Objections and Denying Motion for Hearing** |
| James Cox et al., | [ECF Nos. 126, 135] |
| Defendants | |

Pro se prisoner Steven Scott brings this civil-rights action against prison officials at the Southern Desert Correctional Center, alleging primarily that the facility's policies and procedures for dispensing a common-fare diet violated his First and Fourteenth Amendment rights and that they retaliated against him for filing grievances. Last year, I granted summary judgment in favor of five of those defendants, leaving the claims against the six defendants who did not join in that dispositive motion.[1] Scott objects to that ruling[2] and he moves for a hearing on a compassionate-release request that is unrelated to this case.[3] Because Scott has not shown that relief from the summary-judgment ruling is appropriate, I overrule and deny his objections. And because Scott has been released from custody, I deny as moot his request for a hearing.

---

[1] ECF No. 123.
[2] ECF No. 126.
[3] ECF No. 135.

**Discussion**

**A.     Scott's objection to the order granting partial summary judgment [ECF No. 126]**

Scott begins his "objection" by explaining that he "would like to file an objection" to the Order Granting Motion or Summary Judgment on Behalf of Defendants Garcia, Gutierrez, Lambey, Clark-Carrillo, and Williams for six reasons, and he also wants to appeal that decision to the Ninth Circuit—which he did.[4] Because the rules of this court do not permit "objections" to dispositive district-court orders like this one, I liberally construe Scott's objection as a motion for relief from a final judgment or order under Federal Rule of Civil Procedure (FRCP) 60(b). That rule allows the court to "relieve a party . . . from a final judgment, order, or proceeding" for a variety of reasons, including the catchall "any other reason that justifies relief."[5] The Ninth Circuit has cautioned, however, that "judgments are not often set aside" under this rule, and it "should be 'used sparingly as an equitable remedy to prevent manifest injustice.'"[6]

Scott's first two objections attempt to raise factual disputes about the claims against Defendants Gutierrez and Clark-Carrillo. This effort fails for the same reason that Scott's opposition to the summary-judgment motion did: he has not offered any evidence to support his theories. As the court's *Klingle/Rand* order advised Scott when the motion for summary judgment was first filed, to "properly oppose" a motion for summary judgment:

> you must set out specific facts in the form of admissible evidence (such as affidavits, declarations, depositions, answers to interrogatories, or properly authenticated documents as provided in Rule 56(d)), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue

---

[4] *See* ECF No. 127. That appeal remains pending as Case No. 21-16536.

[5] Fed. R. Civ. P. 60(b).

[6] *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 941 (9th Cir. 2007) (quoting *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006), and *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005)).

of material fact for trial. . . .  In other words, you must provide the court a statement of facts supported by attached admissible evidence that demonstrates that the opposing party is not entitled to judgment against you.[7]

Scott's retaliation claim against Gutierrez was founded on the allegation that Gutierrez told Scott he was going to get Scott fired from his prison job because Scott had filed a lawsuit against Gutierrez.  I granted summary judgment in favor of Gutierrez on this claim because Scott "ha[d] not offered any evidence to support his claim that this conversation took place"; "at best," the evidence that Scott pointed to confirmed only "that *Scott claims* that a conversation happened, not that one actually did."[8]  So Scott didn't meet "his burden to come forward with supporting evidence" on this claim.[9]  Scott's conspiracy claim against Gutierrez and Clark-Carrillo was similarly adjudicated against him because "Scott d[id] not offer any evidence to support his theory that" these defendants "ever agreed to violate his right to grievances.  Instead, he offer[ed] mere speculation," which "is not sufficient to avoid summary judgment."[10]  Nothing that Scott offers in his objections undermines these rulings.

Scott's third and fourth objections actually target this court's order granting in part the defendants' motion to dismiss back in February 2020.[11]  These objections—raised 19 months after that dismissal order was entered—are untimely under any standard and I deny them on that

---

[7] ECF No. 92 at 2.
[8] ECF No. 123 at 6.
[9] *Id*.
[10] *Id*.
[11] *See* ECF No. 126 at 3–5.

basis.[12] But if I were to consider their merits, I would find that Scott has not shown any basis for relief from that order either.[13]

Scott's fifth objection finds fault with the fact that the court had not yet ruled on his "unopposed motion to compel discovery."[14] The motion[15] was opposed,[16] but due to an oversight in the Clerk's Office, the motion was not docketed until more than a year after it was mailed.[17] That motion has since been fully briefed, heard, and decided—partially in Scott's favor.[18] So this objection is now moot.

In objection six, Scott "object[s] to the order granting summary judgment so this court can review the full case."[19] He notes that he is "not a lawyer, therefore [he] can not clearly see all errors, if any."[20] The court recognizes, of course, that litigants who represent themselves are not lawyers. But the Ninth Circuit has held that "[p]ro se litigants must follow the same rules of procedure that govern other litigants,"[21] so they must become familiar with, and follow, the rules

---

[12] Rule 60(c)(1) imposes a "reasonable" time limit on motions for relief from a dispositive judgment or order. Motions for reconsideration in this district "must be brought within a reasonable time. Lack of diligence or timeliness may result in denial of the motion." L.R. 59-1(c).

[13] These objections to the dismissal order may be more properly characterized as requests for reconsideration under Local Rule 59-1(a), and Scott has not satisfied that standard for relief.

[14] ECF No. 126 at 4.

[15] ECF No. 137.

[16] ECF No. 141 (response to motion to compel).

[17] *See* ECF No. 147 at 1.

[18] *See id*.

[19] ECF No. 126 at 5.

[20] *Id.*

[21] *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 (9th Cir. 1986) (pro se litigants should not be treated more favorably than parties represented by attorneys).

of this court. And the United States Supreme Court has made it clear that federal "judges have no obligation to act as counsel or paralegal to pro se litigants" because requiring trial judges to explain the details of federal procedure or act as the unrepresented party's counsel "would undermine district judges' role as impartial decisionmakers."[22] To unwind an order granting summary judgment, the losing party must do far more than merely remind the court of his pro se status and ask the court to give "the full case" another look. Because Scott's objection falls far short of demonstrating that relief is required under the rules, I overrule this final objection, too.

**B.    Scott's emergency motion for a hearing about his compassionate release [ECF No. 135]**

Scott also filed a motion for an emergency hearing about the fact that he had been told that he would be granted compassionate release on September 8, 2021, but by December was still incarcerated.[23] Because the docket reflects that Scott was released shortly after he filed this motion,[24] I deny it as moot.[25]

## Conclusion

IT IS THEREFORE ORDERED that Steven L. Scott's "Objections" **[ECF No. 126] are overruled and DENIED**.

IT IS FURTHER ORDERED that Scott's Emergency Motion regarding compassionate release **[ECF No. 135] is DENIED as moot**.

_____
U.S. District Judge Jennifer A. Dorsey
April 13, 2022

---

[22] *Pliler v. Ford*, 542 U.S. 225, 226–27 (2004).

[23] ECF No. 135.

[24] *See* ECF No. 136 (Scott's 12/23/21 address update, noting that he "no longer lives within prison walls").

[25] Had this motion not been moot, it would have been denied on its merits because the subject of this injunctive-relief request is outside the scope of Scott's claims in this case.