# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Steven L. Scott,

    Plaintiff

v.

James Cox, et al.,

    Defendants

Case No.: 2:17-cv-00702-JAD-VCF

**Order Following Remand**

[ECF Nos. 163, 164]

    Pro se plaintiff Steven Scott sued various prison officers at the Southern Desert Correctional Center, alleging primarily that the facility's policies and procedures for dispensing a common-fare diet violated his First and Fourteenth Amendment rights and that they retaliated against him for filing grievances.[1] I dismissed five of the defendants from this case on their motion for summary judgment,[2] and Scott appealed that order to the Ninth Circuit.[3] While that appeal was pending, the parties entered into a settlement agreement[4] and stipulated to a dismissal of the action with prejudice,[5] so I dismissed this case with prejudice and ordered it closed.[6]

    In light of the settlement and dismissal, the defendants moved in the Ninth Circuit to dismiss the appeal, arguing that "the doctrine of claim preclusion bar[red] any further litigation" and that the appeal was "time-barred" because Scott did not appeal the dismissal order, which

---

[1] ECF No. 11.
[2] ECF No. 123.
[3] ECF No. 127.
[4] ECF No. 172-3; ECF No. 159.
[5] ECF No. 160.
[6] ECF No. 161.

"supersed[ed]" the summary-judgment order.[7] Scott opposed that motion, contending that the settlement agreement did not cover the claims on appeal.[8] The Ninth Circuit denied the defendants' motion, reasoning that the summary-judgment order was a final one and that Scott's notice of appeal was timely, but it did not address the effect of the settlement agreement.[9] On the merits, the court reversed my summary-judgment order in part, reviving claims against defendants Gutierrez and Williams, and remanded the case to this court.[10]

Following remand, I asked the parties to file status reports on the effect of the settlement on this case.[11] In their report, the defendants chiefly contend that this court no longer retains jurisdiction over this case because I dismissed the action with prejudice following the settlement and that, regardless, the settlement agreement bars Scott's claims against the two remaining defendants.[12] Scott counters that the settlement agreement and dismissal did not cover the claims that were appealed and that his claims against Gutierrez and Williams should proceed according to the Ninth Circuit's order.[13]

I find that this court has jurisdiction over the claims that were the subject of Scott's appeal because this court lacked jurisdiction to dismiss those claims when I dismissed the case.[14] And, though the settlement agreement is broad and appears to cover the appealed claims

---

[7] ECF No. 28 at 2 in *Scott v. Garcia, et al.*, Case No. 21-16236 (9th Cir. 2021).
[8] ECF No. 29 at 2–3 in Case No. 21-16236.
[9] ECF No. 163 at 2–3.
[10] *Id.* at 3–5.
[11] ECF No. 169.
[12] ECF No. 172 at 6–7.
[13] ECF No. 173 at 1–4.
[14] *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) ("Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed.").

regardless of the procedural posture in which the settlement was effectuated, I am not going to address whether the settlement agreement forecloses Scott's remaining claims in this order. Rather, the defendants must file a properly supported motion to dismiss those claims within 30 days, articulating the facts surrounding the settlement and its legal effect in light of any relevant authority.

## Conclusion

IT IS THEREFORE ORDERED that the defendants must file a motion to dismiss the remanded claims within 30 days. Scott will then have 14 days to file a response, and the defendants will have 7 days thereafter to file a reply.

_____
U.S. District Judge Jennifer A. Dorsey
March 28, 2023