UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Steven L. Scott<br><br>       Plaintiff<br>v.<br><br>James Cox, et al.<br><br>       Defendants | Case No.: 2:17-cv-00702-JAD-VCF<br><br>**Order Granting Defendants' Motion to Dismiss**<br><br>[ECF No. 177] |

   Plaintiff Steven Scott initiated this lawsuit against prison officials at the Southern Desert Correctional Center in 2017, alleging primarily that the facility's policies and procedures for dispensing a common-fare diet violated his First and Fourteenth Amendment rights and that the defendants retaliated against him for filing grievances.  I previously granted summary judgment for defendants Garcia, Gutierrez, Lambey, Clark-Carrillo, and Williams, and allowed the case to proceed against defendants Youngblood, Leaks, Minev, Thomas, Howell, and Dreesen.[1]  I ordered the remaining parties to a settlement conference, and Scott appealed my summary-judgment order.

   In April 2022, the parties reached a settlement agreement and filed a stipulation to dismiss this case with prejudice a month later.  But in October 2022, the Ninth Circuit issued a memorandum order reversing my grant of summary judgment for Williams on Scott's First and Fourteenth Amendment claims, and for Gutierrez on Scott's retaliation claims, and remanding the case.[2]  Williams and Gutierrez now move to dismiss, arguing that the settlement and the stipulated dismissal applied to all defendants and all claims, including those that were revived on

---

[1] ECF No. 123.

[2] ECF No. 163.

appeal. Scott responds that he believed the agreement only applied to the claims that survived summary judgment, and that the claims that the Ninth Circuit revived were not resolved. But the language in the settlement agreement is clear and comprehensive—it applies to all claims and all defendants in this action. So I hold the parties to their agreement and grant defendants' motion. This case is over and remains closed.

## Discussion

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it."[3] "The construction and enforcement of settlement agreements are governed by principles of local law [that] apply to interpretation of contracts generally."[4] The Supreme Court of Nevada has confirmed that, like contracts generally, valid settlement agreements require "an offer and acceptance, meeting of the minds, and consideration."[5] "[A]bsent some countervailing reason, contracts will be construed from the written language and enforced as written."[6] "If the terms of the agreement are clear, definite, and unambiguous," evidence outside of the four corners of the written agreement "may not be introduced to vary those terms."[7]

The defendants produced the settlement agreement that they contend requires dismissal of this action.[8] It is signed by Scott and also signed by Warden Gabriela Najera on behalf of the Nevada Department of Corrections (NDOC), and it lists both this case and the Ninth Circuit's

---

[3] *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987).
[4] *United Com. Ins. Serv., Inc. v. The Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992) (citation omitted).
[5] *May v. Anderson*, 119 P.3d 1254, 1258 (Nev. 2005).
[6] *Ellison v. Cal. State Auto. Ass'n*, 797 P.2d 975, 977 (Nev. 1990).
[7] *Crow-Spieker No. 23 v. Robinson*, 629 P.2d 1198, 1199 (Nev. 1981).
[8] ECF No. 177-3.

case number as "the matter" being settled.[9]  It also lists all defendants, including Williams and Gutierrez.  In it, Scott agrees to a payment of $1,500 in exchange for the release of "all claims related to or arising out of this matter, or any facts pertinent to or underlying" it, with the understanding that the agreement was a "comprehensive settlement that is meant to represent a complete release of all claims related to the matter."[10]  And the agreement includes a provision stating that "the plaintiff understands that "the dismissal of this matter applies to: (a) all claims that were or could have been raised; and (b) all defendants that were or could have been named in the matter."[11]  The defendants also provided evidence that Scott received and cashed $1,500 in checks paid by the NDOC.[12]

The effect of the completed settlement agreement, and its application to all defendants and claims—including those on appeal—is unambiguous.  Scott cannot now insist that he didn't believe that the agreement applied to the claims against Gutierrez and Williams.  Faced with a written, clear, unambiguous agreement to settle all of Scott's claims, I do not consider his unsupported statements contradicting the agreement's express terms.  So I grant the defendants' motion to dismiss to the extent that I recognize that the stipulated dismissal entered on May 16, 2022, covers all defendants and all claims, including those revived by the Ninth Circuit.

## Conclusion

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **[ECF No. 177] is GRANTED**.  Scott's claims against all defendants—including those against defendants

---

[9] *Id.* at 1 (cleaned up).
[10] *Id.* at 2 (cleaned up).
[11] *Id.* (cleaned up).
[12] ECF No. 177-5; ECF No. 177-6.

Gutierrez and Williams that were litigated on appeal—were dismissed with prejudice by stipulation on May 16, 2022.  **This case remains CLOSED.**

_____
U.S. District Judge Jennifer A. Dorsey
October 25, 2023